UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAWNDRA COX,

Plaintiff,

-against-

135TH STREET AGENCY, LLC; SHANTE BACON, Chief Executive Officer Of 135th Street Agency; and SAPTOSA FOSTER, Managing Partner Of 135th Street Agency

Defendants.

---

**COMPLAINT**

**CV**

**JURY TRIAL DEMANDED**

---

Plaintiff SHAWNDRA COX, by and through her attorneys, GLASS KRAKOWER LLP, upon personal knowledge as to herself and upon information and belief as to other matters, bring this Complaint against Defendants 135TH STREET AGENCY, LLC, SHANTE BACON, and SAPTOSA FOSTER (hereinafter, collectively, "the Defendants"), and alleges as follows:

<strong>PRELIMINARY STATEMENT</strong>

1.     Ms. Cox was employed as the Creative Director for Defendant 135TH Street Agency, LLC from September 30, 2013 to January 10, 2015.

2.     Ms. Cox faced discrimination by Defendants because of her pregnancy. Specifically, four days after requesting accommodation for her pregnancy from Defendants, Defendants effectively terminated her from employment without good cause.

3.     Ms. Cox seeks compensatory and punitive damages under New York City Human Rights Law ("NYCHRL"), N.Y. Admin Code §§8-107 to redress the discrimination to which Defendant subjected her, and seeks damages for economic loss; lost wages; pain

1

and suffering; physical distress; emotional distress and mental anguish; costs; reasonable attorney's fees, and punitive damages. Ms. Cox also brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); New York Labor Law, N.Y. Lab. Law §§ 650, *et seq.* ("NYLL"), and breach of contract.

## VENUE AND JURISDICTION

4.      This Court has jurisdiction over these claims pursuant to 29 U.S.C. §216(b) because this case is brought under the FLSA.

5.      This Court has supplemental jurisdiction over the New York State and New York City law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claim is based occurred in this District.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## THE PARTIES

8.      Ms. Cox is a resident of the State of Pennsylvania, County of Monroe, City of Stroudsburg, and the former Creative Director of 135th Street Agency, LLC.

9.      Ms. Cox worked for Defendants for approximately fifteen and a half (15.5) months.

10.    All actions and omissions described in this Complaint were made by Defendants directly and/or through their supervisory employees and agents.

11.    Defendants' knowingly and willfully engaged in the actions and omissions described in this complaint and causing injury to Ms. Cox.

12.    Defendant 135th Street Agency, LLC, is engaged in business in the State of New York and in the Southern District of New York as a Personal Relations Firm.

13.    Defendant 135th Street Agency, LLC, is a Domestic Business Corporation, incorporated and existing under the laws of the State of New York.

14.    Defendant 135th Street Agency, LLC, maintains its principal place of business at 4 Mount Morris PK West Unit B, New York, New York 10027.

15.    Defendants Shante Bacon and Saptosa Foster, principal executive officers of Defendant 135th Street Agency, LLC, were jointly Ms. Cox's employers as defined under the Fair Labor Standards Act and New York State law.

16.    At all times relevant to this Complaint, Defendant 135th Street Agency, LLC, (i) has had and continues to have employees engaged in commerce and services for commerce and (ii) had had and continues to have an annual gross volume of sales of not less than $500,000.00.

17.    At all times relevant to this Complaint, Defendant 135th Street Agency, LLC, was and is a covered "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), NYLL, McKinney's Labor Law § 651(6), and NYCHRL § 8-107, and, at all times relevant to this Complaint, employed Plaintiff.

3

## STATEMENT OF FACTS

18.     Ms. Cox began working for Defendants on or about September 30, 2013, as the Art Director, at a rate of $2,500.00 cash per month, with two weeks paid vacation.

19.     Eventually, on or about March 27, 2014, Defendants promoted Ms. Cox to Creative Director.

20.     As Creative Director, Ms. Cox worked 60 to 80 hours a week, exclusively for Defendants.

21.     No other employees or consultants who worked for Defendants engaged in the same job duties and responsibilities as Ms. Cox.

22.     Ms. Cox was the only Creative Director for Defendants.

**Wage and Hour Violations**

23.     Defendants required Ms. Cox to often work as late as 1:00 am, and on several occasions, made her work through the night with no sleep with the expectation that she would perform regular duties the following workday. Defendants chastised Ms. Cox if she was not responsive to emails sent at any hour of the day or night.

24.     At all times relevant to this Complaint, Ms. Cox did not supervise other employees. Ms. Cox's duties were not related, directly or indirectly, to the management or general business operations of Defendants.

25.     At all times relevant to this Complaint, Ms. Cox's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

26.     Ms. Cox was:

a. Paid a fixed amount biweekly, based on a 30-day contract that automatically renewed each month. This amount was fixed regardless of the number of hours or types of projects that Ms. Cox worked;

b. Expected to work regular business hours, from 10:00 a.m. until 7:00 p.m. In addition, Ms. Cox was expected to be "on call" before and after regular business hours, and would frequently be expected to respond to emails as late as 1:00 a.m. and as early as 6:00 a.m.;

c. Referred to as the Art Director, and Creative Director, both internally and externally, although her work was based on what she was told and directed to do and as such she did not make independent creative decisions;

d. Required to report to Defendants' office;

e. Reimbursed for business expenses;

f. Given a work email address;

g. Given paid vacation, even if she did not complete any work for Defendants during that time period;

h. Required to work exclusively for Defendants, as she was required to work 60-80 hours per week, and forced to sign a non-compete agreement.

27.     During her employment with Defendants, Ms. Cox was routinely required to work hours for which Ms. Cox was not paid in violation of the FLSA and by the NYLL.

28.     At all times relevant to this Complaint, Ms. Cox worked between 60 and 80 hours per week.

29.     At all times relevant to this Complaint, Defendants paid Ms. Cox a fixed amount biweekly that did not vary based on her hours worked.

**Pregnancy Discrimination**

30.     In June 2014, while Ms. Cox was working for Defendants, she became pregnant.

31.     On January 6, 2015, Ms. Cox requested a set schedule, with higher pay, to accommodate her pregnancy. Specifically, Ms. Cox spoke with Defendant Saptosa Foster, Managing Partner, via telephone, and requested a such a set schedule. Defendant was aware that Ms. Cox was pregnant, and that she needed a set schedule, with reduced hours, in order to accommodate her pregnancy.

32.     Four days later, on January 10, 2015, Defendant Foster called Ms. Cox and informed her that Defendants would be converting her employment into that of a freelance worker with the company, meaning that she would not receive a set retainer per month, but only per diem work.

33.     On January 15, 2015, Ms. Cox received an email from Defendant Shante Bacon stating that given Ms. Cox's "new lifestyle changes, it is not an ideal setup…for [her] to be on retainer." Defendant Bacon, in this email, goes on to say that a "wife and mother of 3 small children simply does not have time to be attentive to the daily needs of a growing marketing/pr firm. When something does not make good business sense, you have to make decisions to revise the setup . . . Now that you will have another newborn who demands your attention, we all know that you will need less of a work commitment…" Noteworthy is that Ms. Cox, as she was still pregnant at the time, only had two children, something of which Defendant Saptosa Foster was well aware.

34.     As of January 30, 2015, Ms. Cox's work with Defendants substantially decreased. Defendants already owed Ms. Cox for previous per diem work that she had

completed, and declined to pay her for the small amount of per diem work that she had done since having her status changed to per diem status. Furthermore, the per diem work that Defendants gave Ms. Cox was few and far between. As a result, Ms. Cox could not rely on Defendants for any set amount of income or work.

35.     Additionally, in February 2015, Defendants asked Ms. Cox to return art files and materials, which Ms. Cox later learned were used by another designer to complete projects for Defendants.

36.     Defendants consistently issued Ms. Cox positive evaluations and commendations. Ms. Cox was a valued employee who brought tremendous value to Defendant.

## FIRST CLAIM FOR RELIEF
### (Violations of the Fair Labor Standards Act)

37.     Ms. Cox repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

38.     Ms. Cox brings this Cause of Action pursuant to 29 U.S.C. § 216 (b).

39.     At all times relevant to this Complaint, Defendants were employers and/or joint employers engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

40.     At all times relevant to this Complaint, Ms. Cox was an employee within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

41.     The federal minimum wage provisions for covered, non-exempt employees are contained in Section 6 of the Fair Labor Standards Act, 29 U.S.C § 206. For work performed on or after July 24, 2009, the minimum wage was and is $7.25 per hour.

42.     Defendants required Ms. Cox to work and did regularly work over forty (40) hours a week.

43.     Ms. Cox was misclassified as exempt from overtime.

44.     Defendants failed to pay Ms. Cox proper overtime compensation at time and half (1.5) of their regular rates of pay for each of the hours in a workweek in excess of forty (40), in violation of the FLSA.

45.     Defendants failed to pay Ms. Cox wages to which she was and is entitled under the FLSA.

46.     Defendants were required to pay directly to Ms. Cox the applicable federal minimum wage rate for all hours worked.

47.     Ms. Cox routinely worked hours each workweek for which she was not paid.

48.     Defendants did not pay Ms. Cox for all hours worked.

49.     Under federal law, an employer must pay an employee wages for each and every hour the employee works. Hours worked means any time the employer suffers or permits an employee to work.

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C § 255. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Ms. Cox.

51.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52.     Because of Defendants' FLSA violations, Ms. Cox is entitled to recover from Defendants her minimum wage compensation, an additional, equal amount as liquidated

damages for Defendants' willful violations of the FLSA and for their unreasonably delayed payment of wages, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (Violations of New York State Labor Law –§§ 196, *et seq.*)

53.     Ms. Cox repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

54.     At all relevant times, Defendants employed Ms. Cox within the meaning of the New York State Labor Law.

55.     Defendants failed to pay Ms. Cox wages that were owed to her in violation of New York State Labor Law, §§ 196 *et seq.*

56.     Defendants failure to pay Ms. Cox wages that were owed to her was willful, and subjects Defendants to liquidated damages as provided for in New York Labor Law, McKinney's Labor Law § 198 *et seq.*

57.     Because of Defendants' FLSA violations, Ms. Cox is entitled to recover from Defendants her minimum wage compensation, together with liquidated damages as authorized by law, interest, reasonable attorneys' fees, costs, and disbursements in connection with this action.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

58.     Ms. Cox repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

59.     Defendants, without justification, intentionally harmed Ms. Cox by

wrongfully changing her to freelance/per diem status, significantly reducing her workload after January 30, 2015, and failing to pay her for money owed. This violated the contract between Ms. Cox and Defendants.

60.    As a result of the foregoing, Ms. Cox did suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Violations of New York State Human Rights Law §§ 290-301)**

61.    Ms. Cox repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

62.    Ms. Cox, as a pregnant woman, is part of a protected class under New York State Human Rights Law, as she was misclassified as an independent contractor.

63.    Defendants had knowledge of Ms. Cox's pregnancy when she requested reduced hours or a set schedule with more pay to accommodate her pregnancy.

64.    Ms. Cox performed in a satisfactory manner at all times during her employment.

65.    Four days after notifying Defendants that she needed reduced hours due to her pregnancy, Defendants illegally, and in a discriminatory fashion, changed Ms. Cox to a freelance worker.

66.    As a result of said change, Ms. Cox was effectively terminated, as she received very little per diem work, and was not timely paid for this work.

67.    But for Ms. Cox's request for accommodation due to her pregnancy, Defendants would not have removed Ms. Cox's hours and work.

68.    Ms. Cox thereby has a claim under the New York State Human Rights Law for disability/pregnancy discrimination.

## FIFTH CAUSE OF ACTION
### (Violations of New York City Human Rights Law §§ 8-107)

69.    Ms. Cox repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

70.    Ms. Cox, as a pregnant woman, is part of a protected class under New York City Human Rights Law.

71.    Defendants had knowledge of Ms. Cox's pregnancy when she requested reduced hours or a set schedule with more pay to accommodate her pregnancy.

72.    Ms. Cox performed in a satisfactory manner at all times during her employment.

73.    Four days after notifying Defendants that she needed reduced hours due to her pregnancy, Defendants illegally, and in a discriminatory fashion, changed Ms. Cox to a freelance worker.

74.    As a result of said change, Ms. Cox was effectively terminated, as she received very little per diem work, and was not timely paid for this work.

75.    But for Ms. Cox's request for accommodation due to her pregnancy, Defendants would not have removed Ms. Cox's hours and work.

76.    Ms. Cox thereby has a claim under the New York City Human Rights Law for disability/pregnancy discrimination.


### JURY DEMAND

77.    Ms. Cox hereby demands a trial by Jury.

### PRAYER/DEMAND FOR RELIEF

**WHEREFORE,** Ms. Cox prays for the following relief on all Claims for Relief:

    a.  A declaratory judgment that Defendants' wage practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

    b.  A declaratory judgment that Defendants' wage practices alleged herein violate New York Labor Law, §§ 196 *et seq.*

    c.  A declaratory judgment that Defendants' acts violated Ms. Cox's rights as secured by State and City law prohibiting discrimination in employment;

    d.  A declaratory judgment that Defendants' acts constitute a breach of contract;

    e.  Damages in an amount to be determined at trial;

    f.  All compensatory and economic damages to compensate Ms. Cox for breach of contract, economic loss, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

    g.  Punitive damages against one or all of the Defendants;

    h.  All reasonable expenses incurred by Ms. Cox, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Ms. Cox may show herself justly entitled;

    i.  Pre-judgment and post-judgment interest; and

j.   Such other and further legal, equitable, or other relief as the Court deems

just and proper.


DATED:        New York, New York
              December 18, 2015

                              GLASS KRAKOWER LLP
                              100 Church Street, Suite 800
                              New York, NY 10007
                              (212) 537-6859

              By:   _____
                              BRYAN D. GLASS, Esq.
                              JORDAN F. HARLOW, Esq.

13